United States District Court
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
ANTONIO CORTEZ BUCKLEY,                    No. C 12-1018 WHA (PR)
11
              Petitioner,                  **ORDER OF PARTIAL DISMISSAL
12                                          AND OF SERVICE**
13   v.
R.W. FRITZ; T. VARIZ; C.B. JONES;
14   GREGORY A. NEOTTI,
15            Defendants.
16   _____/
17
                           **INTRODUCTION**
18
        This is a civil rights case filed pro se by a state prisoner under 42 U.S.C. 1983.  He has
19
been granted leave to proceed in forma pauperis in a separate order.
20
                           **DISCUSSION**
21
**A.    STANDARD OF REVIEW**
22
        Federal courts must engage in a preliminary screening of cases in which prisoners seek
23
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
24
§ 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
25
which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
26
monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro
27
se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
28
(9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . . Factual allegations must be enough to raise a right to relief above the speculative

9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

11   at 1974.

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the alleged deprivation was committed by a person acting under the color of state law.

15   *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17   Plaintiff has sued over fifty prison officials. The majority of his claims are untimely.

18   Claims may be dismissed sua sponte under 28 U.S.C. § 1915 where the statute of limitations

19   defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745

20   F.2d 1221, 1228-30 (9th Cir. 1984). The statute of limitations for a claim under Section 1983 is

21   two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Plaintiff is also

22   entitled to a maximum of two years of tolling based upon his imprisonment. *See Martinez v.*

23   *Gomez*, 137 F.3d 1124, 1125-26 (9th Cir. 1998). Thus, claims that accrued more than four

24   years before they were filed are untimely. A claim accrues when the plaintiff knows or has

25   reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987,

26   991-92 (9th Cir. 1999).

27   The earliest date that plaintiff's complaint can be considered filed is the date it was

28   signed because that is the earliest date he could have given it to prison authorities for mailing.

*See generally Houston v. Lack*, 487 U.S. 266, 276 (1988) (under "mailbox rule," pro se prisoner filing deemed filed on date of its submission to prison authorities for mailing to the court).   The complaint was signed on February 15, 2012, and thus any claims accruing more than four years earlier, or before February 15, 2008, are untimely.

The complaint is clear that almost all of his claims accrued before that date, including his claims arising out of the denial of a kosher meal, being pepper-sprayed, the denial of his requests for medical care and other items after being pepper-sprayed, and being falsely disciplined for obstructing a police officer with force arising out of the pepper-spray incident. The complaint clearly alleges that defendants did these things between September and December 2007.  Plaintiff's claims arising from these actions accrued at the time they took place because any injury he suffered would have been immediately apparent to him.  Therefore, these claims are all untimely, except as noted below.

Plaintiff makes a small number of allegations that took place after February 15, 2008. He alleges that he received a decision by defendant Variz, an appeals coordinator at SVSP, on March 26, 2008, denying plaintiff's appeal of disciplinary findings that he was guilty of obstructing an official.  He also alleges that defendants Neotti and Jones later agreed with this decision.  Plaintiff alleges that he was not guilty of these charges, that the disciplinary findings are false, and therefore that the denial of his appeal was wrong.  These allegations, even if true, do not raise a constitutional claim because the fact that a prisoner may have been innocent of the charges does not raise a due process issue.  The Constitution demands that a prisoner receive a variety of procedural protections guaranteed by due process, but not error-free decision-making.  *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).  Plaintiff alleges that at the disciplinary proceedings he was denied access to certain documentary evidence and that defendant Fritz refused his requests to call certain witnesses.  Such alleged deficiencies, if true, may implicate plaintiff's right to due process.  *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).  It is conceivable that defendants Variz, Neotti and Jones could be held liable for any such due process violations by approving Fritz's findings on appeal.  It is also conceivable that the claims

3

against Fritz for doing these things did not accrue until plaintiff's appeal of the disciplinary

findings was denied by defendants Variz, Neotti and Jones.  When liberally construed,

plaintiff's complaint states a cognizable claim against defendants Fritz, Variz, Neotti and Jones

for violating his right to due process.

### CONCLUSION

For the foregoing reasons,

1.  The claims described above against defendants R.W. Fritz; T. Variz; C.B. Jones; and

Gregory A. Neotti are, when liberally construed, cognizable.  The remainder of plaintiff's

claims are **DISMISSED**.

2.  The clerk shall issue summons and the United States Marshal shall serve, without

prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a

copy of this order upon defendants: **R.W. Fritz; T. Variz; C.B. Jones; and Gregory A.**

**Neotti, at Salinas Valley State Prison**.  A courtesy copy of the complaint with its attachments

and this order shall also be mailed to the California Attorney General's Office.

3.  In order to expedite the resolution of this case, the court orders as follows:

a.  No later than ninety days from the date this order is filed, defendants shall file

a motion for summary judgment or other dispositive motion.  If defendants are of the opinion

that this case cannot be resolved by summary judgment, they shall so inform the court prior to

the date the summary judgment motion is due.  All papers filed with the court shall be promptly

served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

court and served upon defendants no later than thirty days from the date of service of the

motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

**United States District Court**
For the Northern District of California

4

which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

        c.  Defendants **shall** file a reply brief no later than fifteen days after the date of service of the opposition.

        d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    4.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated: June  11, 2012.

                          _____
                          WILLIAM ALSUP
                          UNITED STATES DISTRICT JUDGE

N:\BUCKLEY1018.SRV.wpd

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

<center>**NOTICE -- WARNING (SUMMARY JUDGMENT)**</center>

2    If defendants move for summary judgment, they are seeking to have your case

3    dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4    Procedure will, if granted, end your case.

5    Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6    Generally, summary judgment must be granted when there is no genuine issue of material

7    fact--that is, if there is no real dispute about any fact that would affect the result of your case,

8    the party who asked for summary judgment is entitled to judgment as a matter of law, which

9    will end your case. When a party you are suing makes a motion for summary judgment that is

10   properly supported by declarations (or other sworn testimony), you cannot simply rely on what

11   your complaint says. Instead, you must set out specific facts in declarations, depositions,

12   answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

13   contradict the facts shown in the defendant's declarations and documents and show that there is

14   a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

15   summary judgment, if appropriate, may be entered against you. If summary judgment is

16   granted, your case will be dismissed and there will be no trial.

17   <center>**NOTICE -- WARNING (EXHAUSTION)**</center>

18   If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

19   seeking to have your case dismissed.  If the motion is granted it will end your case.

20   You have the right to present any evidence you may have which tends to show that you

21   did exhaust your administrative remedies.  Such evidence may be in the form of declarations

22   (statements signed under penalty of perjury) or authenticated documents, that is, documents

23   accompanied by a declaration showing where they came from and why they are authentic, or

24   other sworn papers, such as answers to interrogatories or depositions.

25   If defendants file a motion to dismiss and it is granted, your case will be dismissed and

26   there will be no trial.

27

28

<center>6</center>